# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **ROGELIO LOPES-AHUMADO,** Petitioner, vs. **UNITED STATES OF AMERICA,** Respondent. | **MEMORANDUM DECISION AND ORDER** Case No. 1:09CV152 DAK |

This matter is before the court on Petitioner Rogelio Lopes-Ahumado's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On August 5, 2005, Petitioner was charged with a violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute a Controlled Substance and 18 U.S.C. § 2, Aiding & Abetting. On January 30, 2006, Petitioner entered a guilty plea on Count I of the Indictment. On March 10, 2006, this court sentenced Petitioner to 262 months imprisonment.

Petitioner argues that his counsel was ineffective because, according to Petitioner, his attorney told him that if he took a guilty plea, Petitioner's sentence would be 124 months, and no more than twelve years. He generally argues that his sentence is too harsh.

The court, however, must deny the Petition. "[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence

if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

In this case, the Judgment in Petitioner's underlying criminal case was entered on April 10, 2006, and an Amended Judgment was entered on April 12, 2006. He then had thirty days to file an appeal, which he chose not to do. Therefore, the Judgment became final on May 12, 2006, and the one-year statute of limitations began to run. Accordingly, the statute of limitations expired on May 12, 2007. Petitioner's § 2255 petition, which was filed on November 18, 2009–more than two years after the statute of limitations expired–is therefore time-barred. Petition has not argued–and the court cannot otherwise conclude–that there is a reason to equitably toll the running of the time period.

As to the length of Petitioner's sentence, Count I of the Indictment contained a minimum mandatory sentence of ten years, and a maximum sentence of up to Life. Petitioner signed his Statement in Advance of Plea, acknowledging that he understood this and that he understood that

2

"the final calculation by the Court for sentencing purposes may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact."

Accordingly, for the reasons stated above, Petitioner's Petition under 28 U.S.C. § 2255 is DISMISSED with prejudice.

DATED this 19th day of January, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge